10001

JACKSON v. ROGERS *ET AL.*

(96 S. E. 692.)

1. VENDOR AND PURCHASER—CONTRACT—INTENTION OF PARTIES.—A contract to sell land need only express sufficiently the intention of the parties.

2. VENDOR AND PURCHASER — OPTION TO BUY — TIME FOR EXERCISE.— Where by lease landlords agreed to rent for 1913, and it was further agreed tenant was to rent for three years, unless he chose to buy on certain terms, tenant had an option to buy in 1913, 1914, or 1915.

8. CONTRACTS—OFFER TO PERFORM.—One party to a contract may not be required to perform his part when the other party refuses to perform his, but the other party is saved in his right if he shall offer to perform; the tender standing as substitute for performance.

4. SPECIFIC PERFORMANCE—SALE TO TENANT—TENDER OF RENT.—Tenant having option to buy.in 1913, 1914, or 1915, will not be denied specific performance of landlord's contract to sell because he did not offer in 1915 to pay rent for that year; contract not so providing, tenant offering to comply with all terms of purchase, and paying rent into Court.

5. ESTOPPEL—ESTOPPEL IN PAIS—DEMAND FOR CONVEYANCE.—Fact that landlord, after tenant failed to pay rent and to pay cash for land under option to buy, as he had agreed, made mortgage to bank to secure his (the landlord's) debt, together with his talk with tenant when latter agreed to pay rent and cash, *held* not to estop tenant to demand conveyance under his option; necessary element of estoppel, that party has been misled to his hurt, being absent.

6. VENDOR AND PURCHASER — OPTION TO BUY — ABANDONMENT—SUFFICIENCY OF EVIDENCE.—In tenant's suit for specific performance of option to buy, conversation between tenant and landlord *held* not to show that tenant abandoned option to buy and made new parol agreement to buy.

Before SPAIN, J., Marlboro, Summer term, 1917. Affirmed.

Action by A. S. Jackson, for specific performance of a contract, against A. E. Rogers and W. E. Rogers. From decree for plaintiff, defendants appeal.

The contract reads as follows:

"Rent Contract. Memorandum agreement between A. E. and W. E. Rogers, party of the first part, and A. S. Jackson, party of the second part, made and entered into this 18th day of October, 1912, witnesseth:

"(1) That the said A. E. and W. E. Rogers in consideration of $125.00 payable October 15, 1913, agrees to rent unto the said A. S. Jackson, the following lands in the county and State aforesaid, for the year 1913, viz., Red Bluff tract.

"(3) It is further agreed between all parties concerned that said Jackson is to rent said tract of land for three years under these conditions unless he chooses to buy place at pur-

chase price of $1,000, $400 .cash payment, five years on balance, interest payable yearly.

"(2) That the said A. S. Jackson in consideration whereof agrees to rent the above named lands from said A. E. and W. E. Rogers for the year 19— and pay as rent $125 per year for three years.

"Witness our hands and seals the date first above written, A. E. and W. E. Rogers (Seal.)    A. S. Jackson (Seal.) Witness: J. N. Boan."

*Messrs. Townsend & Rogers,* for appellant, submit: *Plaintiff must stand upon the contract as it is written, the Court will not allow the same to be added to, altered or changed in any particular by oral testimony, nor will it make a contract for the parties:* 23 S. C. 533; 41 S. C. 354; 53 S. C. 572.    *Contract must be construed by the words which are in it, and without reference to words which are not in it:* 19 S. C. 450.    *Parol testimony may be heard to rebut an equity, but not to create one:* A. & E., 1st Ed., vol. XXII, p. 939, and notes.    *There must be a complete contract established or performance cannot be decreed:* A. & E. Enc., 1st Ed., vol. XXII, p. 1012.    *Before an option can become a contract there must have been an acceptance of it and compliance or offer to comply with all its terms and conditions:* 96 S. C. 774.    *As to sufficiency of tender:* Bailey's Equity 371.    *Tender of offer to perform insufficient:* 69 S. C. 461.

*Messrs. W. M. Stevenson* and *M. C. Woods,* for respondent.    *Mr. Stevenson* cites: *As to the meaning of the contract, and the force of the word "unless:"* 131 Cal. 433; 82 Am. St. 359; 3 Bun. 1556; Standard Dictionary; Century Dictionary; 21 Mich. 234, 235; 43 Wis. 173-175-177; 32 Mich. 75-76; 73 N. Y., pp. 45, 56 and 57; 2 Pacific 824; 3 Bun. 1550-1556; 15 N. Y. Law 115; 42 Pac. 960; 63 Pac. 729-730; 82 Amer. Stat. 358; 43 Wis. 167-178; Cyc., vol. XXIV, pp. 1021-1025; Enc. of Law, vol. XVIII, p. 631; 9 Wall. 54; 2 Wall. 737; 37 S. C. 485.    *As to tender;* 26

Ency. Law, 2d Ed. 117; 53 S. C. 572; 229 Fed. Rep. 657; 84 S. C. 439; 69 S. C. 371-372; 88 S. C. 525

June 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is for specific performance of a written contract to sell land; it is by Jackson, who agreed to buy, and against Rogers, who agreed to sell. The master and Circuit Court found for the plaintiff, and the defendant has appealed.

There are fourteen exceptions, but there are not nearly so many issues; the appellant has argued only three questions. They are these: (1) That the contract rightly read does not entitle the plaintiff to now have a conveyance of the land; (2) that the plaintiff has lost his right by the failure to tender that which the contract bound him to do; and (3) that the conduct of the plaintiff in 1914 estopped him to demand a conveyance.

The contract is not a work of art, but it sufficiently expresses the intention which the parties to it had, and it need do no more. Let it be reported as it is written at the end of this opinion. Irrelevant words have been omitted, and the paragraph numerals have been supplied. The defendants' construction of the contract is stated in the third exception, to wit: "The proper construction from the words of the contract is that the plaintiff rented the land for one year and was to elect at the expiration of the year whether he would purchase the land or continue to rent for the three years."

The Circuit Court concluded that the parties themselves had by their conduct put another construction on the contract, and the Circuit Court sustained that construction.

We do not find it necessary to rest the decision on that ground. We are of the opinion that on its face and by its

plain words the contract is not that which the defendants contend for, but is that which the plaintiff contends for.  .

There are three outstanding and separable features of the contract.    They are, as we have paragraphed them : (1) Rogers' promise to let Jackson have the land as tenant for the year 1913 ·for a rental of $125; (2) Jackson's promise to take the lands as tenant for three years (1913, 1914 and 1915) at a rental of $125 a year; (3) Rogers' and Jackson's promise that Jackson should have the land for three years, with the option to Jackson to buy the land for a price.    The offer by Jackson of· the price and the demand for the deed was made in October, 1915; and the offer and the demand were refused.

The question is : Was Jackson's option limited to be exercised in one or in three years, in 1913, alone, or in 1913, 1914 and 1915 ?

The suggestion of the appellant is that Jackson's demand cannot be sustained unless words shall be added to the instrument of writing.    We are of the opinion that Jackson's demand cannot be denied unless words shall be so added.    The third paragraph of the contract plainly bound both parties to a three-year lease by Jackson, unless Jackson choose to buy.    The right to land three years, and coupled with that the right to buy, are stated in the same and separable sentence of the contract.    The necessary implication is that, as Jackson had three years in which to hold as tenant, he had also a like time in which to exercise his option to buy.    There is nothing in the other parts of the contract to contradict this view.    We venture to think the appellant has not distinguished the third paragraph of the contract from the first paragraph; he has read the option to buy as a part of the first paragraph, when it is distinctly a part of the third paragraph.    When that is observed, the whole difficulty suggested by the appellant vanishes.

The second issue is: Has Jackson lost his option
3, 4   to buy by his failure to offer to perform his part of
the contract by what the appellants call a "tender?"

The particular act of omission designated by Rogers is
Jackson's neglect and refusal to pay $125 rent for 1915.
The parties to the contract did not agree therein that such
omission should forfeit the right to buy.   It is true that one
party to a contract may not be required to perform his part
of it when the other party to the contract refuses to do his
part; that is elementary.   Corollary to that postulate is
another, which is that the other party is saved in his right
under the contract if he shall offer to do his part; that is to
say, in the instant case, if he shall have tendered the pur-
chase price.   In such a case tender, which is then an offer
to perform, stands as a substitute for performance; that is
to say, performance is imputed to that party who offers to
perform.   The rule of law which thus requires one party to
a contract to offer to do his part before he can exact a per-
formance of the other's part by the other party is sometimes
tecnically applied in cases at law so as to completely halt a
party at the threshold of the controversy.   But in equity the
rule is not so technical.   It is there generally applied to do
justice, and to prevent wrong.   Pomeroy thus states the
rule:

"The doctrine is fundamental that either of the parties,
seeking a specific performance against the other, must show,
as a condition precedent to his obtaining the remedy, that he
has done or offered to do, or is then ready and willing to do,
all the essential and material acts required of him by the
agreement at the time of commencing the suit, and also that
he is ready and willing to do all such acts as shall be required
of him in the specific execution of the contract according to
its terms."   3 Pom. Eq., sec. 1407.

There is no justice to be served in the instant case by
denying the plaintiff the relief he asks because he did not
offer in 1915 to pay the rent for that year.   The contract

did not so provide, and the exigencies of the case as revealed by the testimony raised no such remedial right in the defendants.

The plaintiff alleged, *inter alia,* that:

"He has tendered to them the purchase price, and demanded that they convey the same to him, and he is now able, willing and desirous of paying the purchase price and *complying with all the terms of the purchase."* (The italics are supplied.)

That was a sufficient offer, at the commencement of the action, to comply with all the contract betwixt the parties, one of which was to pay $125 a year rent. And the rent so agreed to be paid has been actually paid into the Court to abide the event of the suit.

Again, the defendants did not refuse to convey because the plaintiff had not aforetime paid or offered to pay the purchase price. The defendant, W. Ellerbe Rogers, "had the whole management of the sale of the land." That gentleman plainly did not put his refusal to convey on the ground that the rent for 1915 had not been paid. On the other hand, he testified:

"I told Jackson, about the time the rent was due for 1915, that I could not convey the land to him because I had given a mortgage on it, as I told him I would do. Mr. Smith told me he had the $1,000 to pay me. I assigned the same reason to him for not making deed that I did to Jackson. * * * I thought they knew that Mr. Jackson had been told the fall before that if he did not get me the money by the 1st of December I would mortgage the place, and if he got the money by the 1st of December I would give him a deed, and if he failed to get the money I would regard our business about selling the place at an end."

It is manifest from this testimony that Ellerbe Rogers put his refusal to convey upon the ground that he had put a mortgage on the land, and not on the ground that Jackson

had not paid the rent for 1915. *Lumber Co. v. Small,* 84 S. C. 439, 66 S. E. 880.

The third issue is akin to that just considered. The testimony does not at all make out a case of estoppel. It is true there was some talk between Jackson and Rogers in October, 1914, about the rent for the year and about the payment of the purchase price. Thereabout Rogers testified:

"About the 15th of October, when the rent was due Jackson asked me for two weeks' extension of time to pay the rent. I granted this, and he left promising to pay the rent in two weeks. When these two weeks expired, Jackson came to see me and said he had not been able to get up the rent, but said if I would extend the payment of rent until December that he would get me the rent, and would also raise the $1,000, the purchase price of the lands, and pay the same in cash. I consented to this, and told Jackson if he would do this I would make him titles, but I would have to have it by the 1st of December, as I had obligations to meet at that time, and unless he paid the money I would have to use the place as collateral to secure the said debt. Jackson consented to this and said he would sure have the money. * * * Jackson continued in possession of the place in 1915. October, 1915, before the rent was due, Mr. Jackson came to me and said if I would get my sister to sign the deed he would get the money to buy the place. Before Smith came to see me, I told Jackson that I had given a mortgage on the land to secure a debt, as I told him last fall I would do, and that I could not make him a deed."

It is true Rogers made the mortgage to the Bank of Latta; but that fact, together with the talk with Jackson, the alleged inducement to it, does not estop Jackson to demand a conveyance. Nor does the quoted talk of 1914 prove at all, as the appellant further contends, that Jackson abandoned the written option to buy and then made a new and parol agreement to buy.

A necessary element of estoppel *in pais* is that the person claiming it must have been misled to his hurt by the conduct of the adverse party which he suggests. There is no proof that Rogers has been misled, or that he has acted on what Jackson said or did to his hurt.

The decree of the Circuit Court is affirmed.

"Rent Contract. Memorandum agreement between A. E. and W. E. Rogers, party of the first part, and A. S. Jackson, party of the second part, made and entered into this 18th day of October, 1912, witnesseth:

"(1) That the said A. E. and W. E. Rogers, in consideration of $125.00 payable October 15, 1913, agrees to rent unto the said A. S. Jackson, the following lands in the county and State aforesaid, for the year 1913, viz., Red Bluff tract.

"(3) It is further agreed between all parties concerned that said Jackson is to rent said tract of land for three years under these conditions unless he chooses to buy place at purchase price of $1,000, $400 cash payment, five years on balance, interest payable yearly.

"(2) That the said A. S. Jackson in consideration whereof agrees to rent the above named lands from said A. E. and W. E. Rogers for the year 19— and pay as rent $125 per year for three years.

"Witness our hands and seals the date first above written. A. E. and W. E. Rogers (Seal.) A. S. Jackson (Seal.) Witness: J. N. Boan."