16134

SPEED v. SPEED

(49 S. E. (2d) 588)

*Mr. J. M. Nickles,* of Abbeville, *for Appellant,*

*Mr. Ralph J. Syfan,* of Abbeville, *for Respondent,*

September 30, 1948.

FISHBURNE, Justice: This suit was brought by the respondent, W. R. Speed, against the appellant, Mrs. Georgia O. Speed, to enforce the specific performance of an alleged contract made by the appellant with respondent, whereby she agreed to sell to him her undivided three-tenths interest in the Speed Drug Store property in the city of Abbeville.

The testimony in the case was taken before the circuit judge at his chambers. The respondent introduced evidence to substantiate the allegations of his complaint. Appellant offered no testimony, so that in passing upon the issues pre-

sented, the circuit judge had before him the complaint and answer, together with the evidence offered by respondent. In due time he filed his decree, in which he decided all issues in favor of respondent.

The main question on this appeal is whether the writings, consisting of two letters signed by appellant, constitute such a memorandum of a contract for the sale of appellant's undivided interest to respondent as satisfies the requirements of the statute of frauds. The statute, Code, Section 7044, provides that all contracts to sell or convey land shall be void "unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized."

The property in question is in shape a parallelogram, and is located in the city and county of Abbeville. It fronts on the public square and extends back to Church Street. There is located on the front, abreast with the sidewalk, a brick store building, behind which there is a wooden warehouse and a little wooden building on Church Street. The buildings in question take up the entire width of the lot.

The property was formerly owned by Dr. P. B. Speed. He conducted a retail drug store in the building fronting on the public square until the time of his death, after which the property descended to his widow, Mrs. Althea O. Speed, and their four children. Between the date of his death and that of his widow, three of their four children died, so that upon the death of the widow, Mrs. Althea O. Speed, on December 5, 1945, the interests of the surviving heirs, supplemented by devises under the will of Mrs. Speed, were as follows: The respondent, W. R. Speed, and the appellant, Mrs Georgia O. Speed, widow of respondent's deceased brother, each became the owner of an undivided three-tenths interest in the drug store property. T. M. Marchant and P. S. Marchant, grandchildren, became the owners jointly of an undivided three-tenths interest therein, and Blanche R. Speed, the widow of

another deceased brother of respondent, became the owner of an undivided one-tenth interest.

On the evening of December 5, 1945, the four above named tenants in common entered into an oral agreement for the sale of the property. The appellant, Georgia O. Speed, and T. M. Marchant, P. S. Marchant, and Blanche R. Speed agreed to sell their interests in the property in question to the respondent, W. R. Speed, and he agreed to purchase, on the basis of the appraised value of the property. An appraisal was subsequently made by duly appointed appraisers in connection with the administration of the estate and the value of the property was fixed at $12,000.00. Subsequent to the oral agreement, and some time prior to September 16, 1946, the appellant became dissatisfied with the agreement previously entered into with the respondent. This dissatisfaction resulted in further negotiations between appellant and respondent, terminating in the offer by respondent to pay the appellant an additional sum of three hundred dollars to cover a portion of the cost of certain improvements made on the store building by appellant during a previous occupancy thereof by her. On the basis of the appraised value of $12,-000.00, the appellant under this agreement was entitled to three-tenths of this amount, to wit, $3,600.00, plus the additional sum of $300.00, making a total of $3,900.00.

In response to respondent's offer, he received from appellant, who lived in Greenville, South Carolina, the following letter under date of September 16, 1946, addressed to him at Abbeville, where he resided:

"Dear Bill,

"Mr. Edwards was here last week and told me of your offer for the store, on the basis of $12,000.00 for the store and $300.00 on the loan. This will suit me and you can let me know when you have the papers ready.

Best wishes to all,

Georgia."

Within 90 days thereafter (during the latter part of November, 1946), the respondent offered to comply with the terms of this agreement. He sent to Mr. P. S. Marchant, who also lived in Greenville, a deed to the drug store property which recited by way of preamble the oral agreement originally entered into, with the request that Marchant and his brother, T. M. Marchant, execute it and take it to appellant for her signature. The consideration stated in the deed to be paid appellant did not include the additional sum of $300.00 which had been agreed upon. When the deed was presented to her, appellant demurred to executing it, stating to Mr. Marchant that she and respondent had an agreement whereby he was to pay her $300.00 more. This matter was taken up with respondent by Mr. Marchant, and within two weeks he took the deed back to appellant with respondent's personal check for $300.00, and requested her to sign it. She declined to execute the deed, and told Marchant that she "did not feel like she could sign the deed, and that she would work it out with Bill, that she would get in touch with him."

All of the other tenants in common complied with the oral contract referred to, on the basis of the appraisal, and duly executed and delivered a deed to respondent conveying to him all of their undivided interest in the Speed Drug Store property, as a result of which the respondent became the owner (along with the interest he already owned) of an undivided seven-tenths interest.

The record shows no further communication between the parties until August 21, 1947, when appellant wrote the following letter to respondent:

> "Greenville, S. C.,
> "9A Davenport Apts.,
> "August 21, 1947.

"Dear Bill,

I have tried time and time again to sell you my interest in the Speed Drug Store property in Abbeville, or to purchase your interest but up to this time my efforts have

amounted to nothing. I now have a definite offer to purchase my interest on the basis of $16,000.00 and the interested parties are willing, as I understand, to purchase your interest and that of all the others, on the same basis.

"However, the party who has negotiated for the purchase of the property does not wish to close the deal until I have given you the privilege to purchase my interest on the same basis and neither am I willing to sell until after you have been given such privilege.

"I do think it would be nice for the property to remain in the family and if you want it I'd like for you to have it, but you could not reasonably expect me to sell to you at less price than I could get from another. I sincerely hope you will not have any hard feelings about the matter for I assure you I have none.

"I am sending this letter to you by registered mail and unless you advise me promptly that you are willing to purchase my interest on the basis of $16,000.00, and unless the deal is closed and the money paid on or before Sept. 1st, 1947, I will proceed to execute a deed to my individual interest to other on the basis of $16,000.00.

Sincerely,

Georgia."

This letter was sent by registered mail and a return receipt requested. Within five days after the receipt of the letter respondent instituted the present action.

The evidence relied upon by the respondent, as constituting a sufficient memorandum under the statute of frauds, consisted of the two foregoing letters signed by appellant, supplemented by the oral testimony.

Appellant contends that the alleged contract does not sufficiently describe the property to be conveyed. But appellant overlooks the second letter written by her to respondent in which she refers to the subject matter as "my interest in the

Speed Drug Store property in Abbeville." Appellant directs attention to and emphasizes the lack of sufficient description in the first letter from appellant to respondent, wherein she refers to the property as "the store."

The principles of law growing out of our statute of frauds, in reference to contracts for the sale of land or any interest therein, have been often and fully discussed in our decisions. It is well settled that the form of writing required by the statute is not material. The contract may be evidenced by one writing or more. It may be shown entirely by written correspondence. Whatever form the agreement may assume, if the writing or writings, viewed as a whole, constitute, in essence or substance upon their face, a note or memorandum in writing, subscribed by the party sought to be charged, showing who the contracting parties are, the subject matter of the sale, and the consideration, the statute is satisfied. *Peay v. Seigler,* 48 S. C. 496, 26 S. E. 885, 59 Am. St. Rep. 731; *Kennedy v. Gramling,* 33 S. C. 367, 11 S. E. 1081, 26 Am. St. Rep. 676.

An express or explicit reference from one document to another is not necessary where both writings are signed by the party to be charged. In such case, the connection of the writings may be implied where their contents show that they relate to the same parties and subject matter and are parts of one and the same transaction. The writings, however, must contain internal evidence of their unity, relation or connection. 27 C. J., Sec. 309, page 261, and Sec. 310, page 262; 37 C. J. S., Frauds, Statute of, § 178, page 660; 49 Am. Jur., Sec. 394, page 699. As stated in Restatement of the Law—Contracts, Sec. 208, page 283:

"A and B enter into an oral contract within the Statute. Later they enter into a correspondence with reference to the matter. Two letters signed by A if taken together contain the full terms of the contract. If on inspection of the letters it appears that they relate to one transaction they may be read together though neither of A's letters refers to the other."

It seems very clear upon a reading of the letters referred to, in the light of the situation and circumstances of the parties at the time they were written, that they clearly relate to the same property which the parties had in mind—that is, the Speed Drug Store property in the city of Abbeville; and each connects with the other. The contract of sale is complete in all its terms as contained in the first letter, except as to the sufficiency of the description of the property to be sold. The bare reference therein made to "the store", without giving location or the means of identification, would not, standing alone, be a sufficient description to comply with the requirements of the statute of frauds. *Jackson v. Frier,* 118 S. C. 449, 110 S. E. 676; *Peay v. Seigler,* 48 S. C. 496, 26 S. E. 885, 59 Am. St. Rep. 731; *Mims v. Chandler,* 21 S. C. 480; *Hyde v. Cooper,* 13 Rich. Eq. 250; *Church of Advent v. Farrow,* 7 Rich. Eq. 378.

But when the two letters are considered together, all the essential terms of the contract, the amount of the purchase money, the name of the vendor and vendee, and the location and identity of the property to be sold, can all be definitely and certainly learned from the writings relied upon. They show internal evidence of their unity.

Appellant objected to the introduction of oral testimony with reference to the identification of the particular property referred to in the two letters, but in our opinion this testimony was competent.

The law does not require that a contract for the sale of lands shall in itself be wholly sufficient to identify the land. The contract is sufficient if it furnishes the means of identification. The writing or writings must furnish the means or key by which the description may be made certain. 37 C. J. S., Frauds, Statute of § 184, pages 669, 670.

It was stated in *Peay v. Seigler, supra,* quoting from *Kennedy v. Gramling,* 33 S. C. 367, 11 S. E. 1081, 26 Am. St. Rep. 676:

"But, while parol evidence is inadmissible to supply an omission in the writing of any reference to the particular property referred to, yet such evidence is competent to show the situation and surrounding circumstances of the parties, and thereby identify the particular property referred to in writing. Thus, where there is a proposition to sell, and an agreement to buy, the house in which plaintiff resides, there is no doubt that parol evidence would be admissible to show in what particular house he did reside, as there could not be a shadow of doubt that both the parties—the one in making the offer, and the other in accepting it—had reference to the same property. Hence it may be stated as a rule that, whenever the writing or writings relied upon show in themselves that both parties referred to the same property, then the requirements of the statute are fulfilled, and parol evidence may be resorted to for the purpose of designating what particular piece of property both parties had reference to; but, where it does not appear from the writings themselves what property was referred to by the parties, then parol evidence is not competent to show that fact. In other words, the writings relied upon must in and of themselves furnish the evidence that the minds of the parties met as to the particular property which the one proposed to sell and the other agreed to buy; and, when such evidence is not found in the writings, it cannot be supplied by parol, but, when it is found there, then parol evidence of extrinsic circumstances may be resorted to for the purpose of specifically designating the property to which both parties are shown to have referred by the terms of the writings." (48 S. C. 496, 26 S. E. 890)

In all such cases, parol evidence is admitted, not to identify, but to designate the subject matter, already identified in the minds of the parties, in the language of the contract when read in the light of the facts.

It will be noted with regard to the identity of the property mentioned in the second letter of appellant, that specific reference is made to "my interest in the Speed Drug Store property in Abbeville." A meager descrip-

tion is frequently held insufficient, where the vendor owns two or more parcels of land which fit the description. But where it appears from extrinsic evidence that the vendor owns but one parcel of land answering the description in the memorandum, the courts are inclined to uphold such description of the property. *Peay v. Seigler, supra;* 37 C. J. S., Frauds, Statute of, § 185, page 672. Likewise, a description of land by a familiar local appellation which refers to a definite tract, may be sufficient. 37 C. J. S., Frauds, Statute of, § 186, page 673; *Michelson v. Sherman,* 310 Mass. 774, 39 N. E. (2d) 633, 139 A. L. R. 960.

The record in this case shows that appellant and respondent own no other land as tenants in common in the city of Abbeville. It is likewise shown that this entire property in the city of Abbeville, fronting on the public square and extending back to Church Street, was generally known in the community by the familiar local appellation of Speed Drug Store property. And its appraised value in the administration of the Speed estate was fixed at $12,000.00.

In *Beckwith v. Talbot,* 95 U. S. 289, 24 L. Ed. 496, it is said:

"There may be cases in which it would be a violation of reason and common sense to ignore a reference which derives its significance from such proof. If there is ground for any doubt in the matter, the general rule should be enforced. But when there is no ground for doubt, its enforcement would aid, instead of discouraging fraud."

The identity of the property being definitely certain, it was proper to show by parol testimony of what the drug store property consisted and the extent thereof. We do not see how it can be doubted that the letters, supplemented by the parol testimony, show all of the essential terms of the contract.

Appellant suggests that the respondent was not bound to buy the premises in question. With practical unaninimity, the courts have held that it is not necessary that the contract shall be signed by both parties to give it mutuality. It is sufficient if it be signed by the party to be charged. *Wharton v. Tolbert,* 84 S. C. 197, 65 S. E. 1056; *Peay v. Seigler, supra.* In *Sams v. Fripp,* 10 Rich. Eq. 447, it is said:

"It has been always held that the requirements of the statute of frauds concerning agreements to convey lands, were fulfilled by the signature to the contract of the party to be bound, where the adverse party by bringing his bill, or any writing, affirms the contract."

Nor is there any merit in the contention that respondent was barred of his rights to specific performance by reason of his failure to make tender.

In general, the rules of equity concerning the necessity of an actual tender are not so stringent as those of the law. Frequently a tender would be wholly nugatory. Thus, if the defendant has openly refused to perform, the plaintiff need not make a tender or demand. It is enough that he is ready and willing and offers to perform in his pleading. See Footnote, Pom. Eq. Jur., Vol. 4, Sec. 1407, Page 2776. To the same effect is *Shannon v. Freeman,* 117 S. C. 480, 109 S. E. 406.

Appellant also argues that the letters evidencing the contract do not state the time of payment or completion of the sale. The general rule, however, sustained by many authorities, is that time is not of the essence of a contract to convey land unless made so by its terms expressly, or by implication from the nature of the subject matter, the object of the contract, or the situation or conduct of the parties. In the case of an executory contract for the sale of land, where the time for the execution of the conveyance or transfer is not limited as in the case

at bar, the law implies that it is to be done within a reasonable time; and the failure to incorporate in the memorandum such a statement does not render it insufficient. *McMillan v. McMillan,* 77 S. C. 511, 58 S. E. 431; *Martin v. LaBoon,* 116 S. C. 97, 107 S. E. 320; *Fanning v. Bogacki,* 111 S. C. 376, 98 S. E. 137; Annotation, 104 Am. St. Rep. 265, 267.

Under the circumstances shown here, there is no merit in this contention. The cause is remanded for such further proceedings as may be appropriate or necessary to carry into effect the judgment of the lower court.

Judgment affirmed.

BAKER, C.J., and STUKES, TAYLOR, and OXNER, JJ., concur.