## 1408

Archie HOOTON, Appellant-Respondent v. CAROLINA TREATMENT CENTER, INC., Respondent-Appellant.

(386 S. E. (2d) 287)

Court of Appeals

---

[4] This represents the balance of the dues fund which had already been awarded to the bank.

*O. Fayrell Furr, Jr.,* of *Law Offices of O. Fayrell Furr, Jr.,* Myrtle Beach and *James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for appellant-respondent.*

*Richard J. Morgan* and *Alison Renee Lee,* both of *McNair Law Firm,* Columbia, *for respondent-appellant.*

Heard Oct. 16, 1989.

Decided Oct. 30, 1989.

CURETON, Judge:

This appeal involves a breach of contract. Dr. Archie Hooton, a psychiatrist, sued Carolina Treatment Center (Carolina) for breach of contract. Following a reference to a special referee who awarded Hooton $30,000 in damages, both parties appeal. We affirm in part, reverse in part, and remand.

Carolina operates a psychiatric hospital in Conway, South Carolina. Hooton entered into a written agreement with Carolina that he would leave his psychiatric practice in Geneva, Switzerland, and come to Georgetown, South Carolina, and practice psychiatry. The agreement contemplates Hooton's inpatient practice would take place in the hospital.

Carolina agreed to maintain Hooton on a $10,000 per

month salary, which it would gradually recoup as his practice expanded. All of Hooton's fees from whatever sources derived, except income from non-clinical activities such as the publication and sale of books, would go to Carolina to be credited against the monthly advances. Hooton would receive the portion of his fees that exceeded the $10,000 monthly advance.

The agreement had a term of two years. Carolina retained the right to terminate the contract for specified reasons. Likewise, Hooton could terminate the contract for several specified reasons. Both parties right to terminate was subject to a ninety day written notice provision.

After several months of practice under the agreement, Hooton learned other hospital staff physicians were refusing to accept some inpatients because of their inability to pay the physician's fees. Hooton then refused to accept several persons as inpatients. Whereupon, Carolina fired him without notice.

Hooton brought suit on the contract seeking damages claiming Carolina breached the terms of the employment agreement. Carolina answered denying the breach and claimed it had a right to terminate the contract because Hooton had already substantially breached the contract by failing to treat patients based solely on their inability to pay fees. Carolina also counterclaimed for conversion of funds due it from Hooton.

The special referee found Hooton committed no breach of the agreement by refusing to treat patients who could not pay. She found Carolina never told Hooton this was a condition of their agreement and Hooton received no meaningful notice that he could not reject patients for financial reasons.

On appeal Hooton argues the referee awarded him inadequate damages. Carolina argues the referee erred in failing to find Hooton breached the contract and in awarding him damages. Additionally, Carolina contends the referee should have found Hooton converted funds due it.

Carolina claims the evidence unequivocally shows that Hooton's refusal to accept patients constituted a substantial breach which went to the essence of the contract. The hospital reasons that because Hooton agreed to practice inpatient psychiatry and would be paid a salary

regardless of whether patients paid fees, he had no right to refuse to treat a patient simply because the patient could not pay. The special referee found Hooton refused patients. No exception assails this finding. The referee also found, however, that because the contract did not address the matter of the circumstances under which Hooton could refuse a patient, he breached no express terms of the contract by refusing to treat the patients.

Since neither party claims the agreement is ambiguous, the question of whether Hooton could refuse patients without violating the express or implied terms of the contract is a matter of contract interpretation. Our review of the contract does not reveal a provision that would require Hooton to accept patients irrespective of financial condition. The contract does contain a provision that permits the hospital to terminate Hooton's contract for refusal to comply with the rules and regulations of the medical staff of the hospital. The hospital has not shown that Hooton violated any rules and regulations of the medical staff. While Carolina attempted to make a distinction between the right of a staff physician to reject a patient and the right of Hooton, who operated under a guaranteed income contract to reject a patient, it is clear this distinction is not addressed in the hospital's rules and regulations nor was it ever made known to Hooton. In fact, Carolina's Medical Director admitted a staff doctor, even one under a guaranteed income agreement, had a right to reject patients.[1] Manifestly there is evidence to support the special referee's decision that there had been no breach of contract by Hooton.

Since we have found Hooton did not breach any express terms of the contract by refusing to accept patients, we next address Carolina's claim that he violated an implied term of the contract. Non-contradictory terms and conditions may be implied in a contract when circumstances warrant to effectuate the manifest intention of the parties. *Southern Realty and Constr. Co. v. Bryan*, 290 S. C. 302, 350 S. E. (2d) 194 (Ct. App. 1986). The evidence does not clearly show that the parties intended that Hooton treat

[1] When pinned down he testified: "I think a physician has a right to make a decision but I feel that there is certain loyalty or certain responsibility to the hospital if you are under guarantee."

all patients regardless of their financial condition. Moreover, implied terms are not generally favored in the law. *Maccaro v. Andrick Dev. Corp.*, 280 S. C. 96, 311 S. E. (2d) 91 (Ct. App. 1984). It follows that Carolina's termination of Hooton's employment was wrongful and constituted a breach of contract. We proceed then to the question of what damages are recoverable as a result of the termination.

The agreement contains two provisions dealing with the right of the parties to terminate the contract. Paragraph 4 of the agreement provides for termination by Carolina by the giving of a ninety day notice when any one of seven conditions has been met. Carolina does not claim that one of these conditions has been met. Paragraph 5 of the agreement likewise permits Hooton to terminate the agreement by giving to Carolina a ninety day notice when any one of four conditions has been met. One of the conditions reads as follows:

> In the event the Corporation [Carolina] fails to make an advance to Physician [Hooton] as set forth in paragraph 1 by the fifteenth of the calendar month said sums become due during the term of this Agreement. In such event, the Corporation shall pay the Physician the amount of three (3) times his monthly advance as liquidated damages for breach of this Agreement.

The special referee held that the provisions relative to termination made it clear that the parties intended that the agreement could be terminated only by the giving of a ninety day notice. She concluded, however, that the liquidated damages clause should be applied so as to limit Hooton's damages to three months salary. Both parties take issue with the damages determination. Hooton claims he is entitled to either $90,000 under the liquidated damages clause ($30,000 per month for three months) or $108,000 (the eighteen months remaining on the agreement times $6,000 per month) if damages are determined based on general principles of contract damages.[2]

We hold the application of the liquidated damages

---

[2] Hooton testified his income was reduced approximately $6,000 per month after the contract termination.

■ clause to the facts of this case is error as a matter of law. The agreement is unambiguously clear that the liquidated damages clause applies only if Hooton elected to terminate the contract upon one of the stated conditions. Contrary to the conclusions reached by the referee, Carolina had no right to terminate the agreement for any reason by simply giving Hooton ninety days notice. Therefore, the referee's conclusion that Carolina could terminate the contract upon a ninety day notice is erroneous as a matter of law. Because the hospital terminated the contract, the liquidated damages clause was inapplicable. We therefore reverse and remand the damages award for redetermination based on general contract principles.

Carolina next argues error in the failure of the trial ■ court to find Hooton converted funds belonging to it.

In October of 1986, Hooton entered into a contract with the Waccamaw Center for Mental Health to provide consultative mental health services to the Center for which he would receive $640.00 per week. He received a total of $13,120.00 from the Center. Of this sum, Hooton turned over $7,560.00 to Carolina. The difference of $5,560.00 Carolina claims he converted to his own use. The referee found, and we agree, that there is some evidence to show Hooton obtained the permission of Carolina's controller and chief financial officer to deduct the $5,560.00 for travel expenses incurred in traveling to and from the Waccamaw Center. Moreover, while Carolina argues in its brief that the agreement does not allow deduction for travel expenses, its exceptions on this point claim error only in the failure of Hooton to report all income from the practice of psychiatry. Carolina acknowledges Hooton reported the $13,120.00 income earned from the Waccamaw Center. In the absence of an exception on this point there is nothing for this court to review. *See Odom v. County of Florence*, 258 S. C. 480, 189 S. E. (2d) 293 (1972).

Accordingly the order of the trial court is reversed only as to the damages awarded. The case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

GARDNER and SHAW, JJ., concur.