Killen *vs.* Compton *et al.*

T. N. KILLEN, plaintiff in error, *vs.* P. M. COMPTON *et al.*, defendants in error.

A motion by defendant to dismiss the action because the matter of the declaration has been adjudicated in a former suit between the same parties, is not available unless the former adjudication appears on the face of the declaration. A defense which is appropriate alone to a plea cannot be presented by a mere motion.

Pleadings. Former recovery. Practice in the Superior Court. Before Judge KIDDOO. Terrell Superior Court. May Term, 1876.

A report of this case is unnecessary.

IRVIN & GRESHAM, for plaintiffs in error.

PARKS & PARKS, by brief, for defendant.

BLECKLEY, Judge.

We have never read or heard of a motion like this. Former recovery is matter for plea in bar, or, under the Code, in abatement: Code, section 3476. Doubtless, if it appeared on the face of the declaration, it might be taken by demurrer, or, since the Code, by motion: section 3459. But here there is no trace of it in the plaintiff's pleadings. It is brought forward by the defendant; and he presents it, not by plea of any kind, but by way of written motion to dismiss the action at the appearance term. His counsel cites as authority *Kimbro & Morgan vs. Virginia and Tennessee Air Line Railway*, 56 *Georgia Reports*, 185, but certainly that case gives no hint that the vehicle of defense may be motion, or anything but plea.

We have no occasion now to rule whether, in ejectment, dismissal of a first action, by the court, for defects in the declaration, and non-suit in a second, awarded on demurrer to the plaintiff's evidence, are sufficient to abate or to bar a third action for the same cause. These are the matters set up in the motion. If they were presented by plea they might or

might not be good: Code, sections, 3362, 3063, 2897, 3577, 3826, 2932. On demurrer to evidence, see 42 *Georgia Reports*, 53; 15 *Ibid.*, 492; 13 *Ibid.*, 334; 12 *Ibid.*, 424.

Judgment affirmed.