ELIZABETH KENNON, plaintiff in error, *vs.* JOHN F. PETTY, defendant in error.

1. Pendency of former action is defense appropriate to plea, and not to motion; motion to dismiss on ground of, properly overruled.
2. If motion were proper, it should have been made at first term.

Practice in the Superior Court. Pleadings before Judge UNDERWOOD. Haralson Superior Court. March Term, 1877.

Reported in the decision.

E. N. BROYLES; W. BROCK; J. F. THOMPSON, for plaintiff in error.

W. W. & G. W. MERRELL; W. J. READ, by Z. D. HARRISON, for defendant.

WARNER, Chief Justice.

This was a proceeding by the plaintiff against the defendant, as a tenant holding over, under the provisions of the §4077th of the Code. The defendant filed a counter affidavit, in which he alleged that the time for which he rented the premises had not expired, and that he did not hold the same under the plaintiff by rent or lease. When the case came on for trial, before the introduction of any testimony, the defendant made a motion to dismiss the plaintiff's case, which motion was granted, on the ground that at the time of the issuing of the plaintiff's warrant, on the 10th of March, 1874, there was another warrant pending in said court between the same parties for the same cause of action, dated 24th of June, 1871; whereupon the plaintiff excepted.

1. Assuming that there was another warrant pending in said court between the same parties, for the same cause of action (and as to that fact, we express no opinion), it was error to dismiss the plaintiff's case on the defendant's motion, without any plea to that effect having been filed, as required by the 3476th and 3456th sections of the Code. See *Killen vs. Compton et al.,* 57 *Ga. Rep.,* 63.

2. The motion to dismiss the plaintiff's case was not made at the first term of the court to which the warrant, by law, was made returnable, even if that had been the proper remedy; but the motion was made at a subsequent term, to

wit, the trial term of the case, in March, 1877, whereas the warrant was sued out by the plaintiff, and the counter affidavit made by the defendant, in March, 1874.

Let the judgment of the court below be reversed.