THE RICHMOND & DANVILLE RAILROAD CO. *v.* WORLEY.

1. According to the practice in this State, the failure of the plaintiff to support some of the allegations in his declaration by evidence, is no reason why the allegations should be stricken out on motion of counsel for the defendant.
2. The inexperience and consequent incompetency of a fireman to properly handle and run a locomotive, will not subject the railroad company to an action for a personal injury resulting therefrom to another employee who, knowing of the inexperience of the fireman, made no objection to serve with him in passing over a switch and entering a siding for the purpose of connecting the locomotive with cars standing thereon. As the plaintiff admitted in his testimony on the stand that he knew of the fireman's inexperience, this put that ground of the action out of the case, and the court should not have submitted it to the jury as a possible basis of recovery.

3. There was not enough evidence that the locomotive was out of safe order, or that its condition caused or contributed to the injury, to warrant the court in submitting that issue to the jury as a basis of recovery. The case should have turned alone upon the questions, whether the fireman was or was not negligent in working the locomotive, whether that negligence occasioned the injury, and whether the plaintiff was in the exercise of due care for his own safety.

May 22, 1893.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. September term, 1892.

Among other allegations of negligence, the declaration charged that defendant had an incompetent agent in charge of the engine, who was not acquainted with the running of the engine; that the engine was in an unsafe condition, and unfit for use without great danger; that the throttle of the engine leaked, and was in such condition that it became uncontrollable and prevented the regulation of the engine's speed, of which defect plaintiff was not aware. It was further alleged that, having changed the switch as he was directed to do, so that the switch-engine with which he was connected could move into a siding, as the engine passed the point where he was standing, moving at the rate of about a mile an hour, plaintiff stepped upon the foot-board of the engine, as it was his duty to do, and just as he stepped upon it the employee in charge of the engine opened the throttle, causing it to jerk tremendously and to throw plaintiff from the engine across the track, causing the fingers of his left hand to be partly cut off by the wheel of the engine. He obtained a verdict, and defendant's motion for a new trial was overruled. Among the grounds of the motion are the following:

1. At the close of the introduction of evidence for plaintiff, defendant's counsel moved to strike that part of the declaration charging that defendant had an incompetent agent in charge of the engine, and that the

engine was defective; because there was no testimony to sustain these allegations. The motion was overruled.

2. The court charged: "It is also the duty of the defendant to furnish reasonably skillful hands to make the work reasonably safe; and if the defendant failed to furnish reasonably skillful hands, and the plaintiff was injured on that account, and the fact that they failed to furnish such hands was not known to the plaintiff and could not have been known by him by the exercise of ordinary care, and he was hurt on that account and without fault on his part, he would have a right to recover." Alleged to be error, because there was no evidence to sustain the allegation that an incompetent employee was in charge of the engine when plaintiff was hurt.

3. The court charged: "It was the duty of the defendant to furnish to its servants a reasonably safe engine while they were working for it, and it was the duty of the defendant in this case to furnish a reasonably safe engine while the plaintiff was engaged in its work; and if you find from the evidence, that the engine described in the declaration was not reasonably safe and was known not to be by the defendant, or should have been known by the use of ordinary care, and the plaintiff was injured on that account, without fault on his part, defendant would be liable, unless you should find that the plaintiff was aware of the unsafe condition of the engine or might have known it by the exercise of ordinary care, and attempted to do his work while it was in that unsafe condition." Alleged to be error, because there was no evidence introduced by plaintiff to support the allegation that the engine was defective; because there was no evidence in the case calling for such a charge; and because, if the engine was in an unsafe condition, plaintiff knew of it.

Jackson Leftwich & Black, for plaintiff in error.
Glenn & Slaton, contra.

Bleckley, Chief Justice.

1. The motion to strike from the declaration the allegations touching incompetency of the agent of the company who was in charge of the locomotive, and allegations touching the bad condition of the locomotive itself, was a novelty in Georgia practice, though such a practice may prevail elsewhere. Had these allegations been the only charges of negligence, a motion for a nonsuit would have been in order. But as other negligence was alleged and there was evidence touching that for consideration by the jury, there was no cause for a nonsuit even had the motion been for a nonsuit instead of calling for purging the declaration.

2. According to the testimony of the plaintiff himself, the inexperience of the fireman who had charge of the locomotive was known to him at the time he, the plaintiff, commenced serving with the fireman in passing over a switch and entering a siding for the purpose of connecting the locomotive with cars standing thereon. The incompetency of the fireman to properly handle and run the locomotive is attributed to his inexperience, and this inexperience being known to the plaintiff was certainly a better reason then for declining to serve with him than it would be now for making the company pay damages for an injury to the plaintiff traceable to that inexperience as its cause. If the plaintiff intended to exact of the company more experience at the throttle of the locomotive than he found there on this occasion, why did he not make the exaction then, either positively if there was opportunity, or, if there was none, negatively by declining to unite with this inexperienced person in attempting to perform the particular act of service in the performance of which the injury was sustained. If an employee knowing that his co-employee is a " green hand " nevertheless co-operates with him without objection, what ground has he for complaining that his fel-

low-servant was a green hand? Under such circumstances the negligence of the company in furnishing such a fellow-servant is waived, but the waiver does not extend to any negligence of which the fellow-servant himself may be guilty. If he fails in any respect to come up to the measure of diligence which under the circumstances he ought to exercise, consent to serve with him would not cut off the right to recover for any injury occasioned by that negligence.

3. We have examined the evidence with great thoroughness and minuteness. It fails to show that the locomotive was not in safe order for the purpose for which it was being used, or that its condition caused or contributed to the plaintiff's injury. Such slight evidence on this subject as the record contains could not possibly uphold a verdict against the company for damages. This being so, it was error to submit to the jury any question whatever on that subject as a basis of recovery. The whole merits of the case, so far as the right to recover is concerned, are involved in three questions: Was the fireman negligent in working the locomotive? Did that negligence occasion the injury? If so, did the plaintiff exercise due care for his own safety? The determination of these questions would be decisive of the real merits of the controversy in respect to the liability of the company. The court erred in not granting a new trial.          *Judgment reversed.*