### 9777.   Atlanta, Birmingham & Atlantic Ry. Co. *v.* Smith.

Wade, C. J.   1. Even if the injury to the plaintiff resulted from the carelessness and negligence of inexperienced and incompetent servants, the petition was nevertheless subject to general demurrer, since the law presumes that the master exercised ordinary care in the selection of his servants (*Georgia Railroad Co.* v. *Nelms*, 83 *Ga.* 70, 74, 9 S. E. 1049, 20 Am. St. R. 308; *Baxley* v. *Satilla Mfg. Co.*, 114 *Ga.* 720, 40 S. E. 730; *Gunn* v. *Willingham*, 111 *Ga.* 427, 434, 36 S. E. 804; *Kilgo* v. *Rome Soil Pipe Mfg. Co.*, 16 *Ga. App.* 737 (2), 86 S. E. 82), and it is

not alleged that the master knew of such incompetency, or by the exercise of due diligence could or should have known of it, at the time of employment, or negligently retained such servants with knowledge of their incompetency. *Gunn* v. *Willingham*, supra.

2. The petition was likewise subject to general demurrer for the reason that it affirmatively appears therefrom that the plaintiff was at the time of his injury a *foreman* in charge of a gang of laborers, whose negligence he alleges caused his injury, and he had at least equal opportunity with the master of discovering, or in the exercise of ordinary care should have known, their negligent propensities. "A servant can not recover for injuries resulting from a fellow servant's incompetency, if he had equal opportunity with the master of discovering it, or in the exercise of ordinary care should have known of it." *Kilgo* v. *Rome Soil Pipe Mfg. Co.*, supra. See also Civil Code (1910), § 3131; *R. & D. Railroad Co.* v. *Worley*, 92 *Ga.* 84 (18 S. E. 361); *Crown Cotton Mills* v. *McNally*, 123 *Ga.* 35, 38 (51 S. E. 13).

3. The court erred in overruling the general demurrer.

*Judgment reversed. Jenkins and Luke, JJ., concur.*
DECIDED JANUARY 14, 1919.

Action for damages; from city court of Brunswick—Judge Krauss. April 20, 1918.

*Bolling Whitfield*, for plaintiff in error.

*Frank H. Harris*, contra.