## EWART *et al. v.* PHILIPS & SONS *et al.*

ATKINSON, J.  A promissory note for $467.50, payable to E. Philips & Sons, was signed at the bottom, "The Minter System Inc. (Seal)." On the back of the note was written, "Ewart Bros. Inc." In the face of the paper were the words: "I, we, or either of us promise to pay," etc., and lastly the words: "Given under the hand and seal of each party." A suit upon the note was instituted in the municipal court of Columbus by the payee against the "Minter System Inc., and Ewart Brothers Inc." The petition alleged that both defendants, corporations, "are jointly and severally indebted" to petitioner on the note, etc., and prayed for process and judgment. A judgment was rendered for the plaintiff. An execution was duly issued and levied on certain personalty as property of the Minter System Inc. and Ewart Brothers Inc. Shortly after levy of the execution John Ewart Jr. and Harold Ewart, as stockholders of Ewart Brothers Inc., instituted an equity suit in the superior court, against E. Philips & Sons and the levying officer, to enjoin the sale or other disposition of the property levied upon. The petition alleged substantially all that is stated above, and further: "That the indorsement of the name of said Ewart Bros. Inc. . . was an accommodation indorsement unauthorized by any corporate action, and was beyond the charter powers of said Ewart Brothers Incorporated, and an act ultra vires, of which petitioners had no knowledge until the levy of said execution, . . and in which petitioners have at no time acquiesced. . . That said note . . discloses that the same was indorsed by said Ewart Brothers Incorporated, and that The Minter System Inc. was the maker thereof, and said petition hereto annexed as Exhibit 'A' affirmatively shows that said Ewart Brothers Incorporated were not sued therein as indorsers, and said fi. fa. fails to designate and identify the relationship of said Ewart Brothers Inc. under said contract, as required by law. . . That said entry of said levy on said fi. fa. is too uncertain to authorize a sale of any of said property therein described, in that said entry fails to identify which of said property was levied upon as the property of The Minter System Inc., and which thereof is the property of Ewart Brothers Inc." At an interlocutory hearing E. Philips & Sons filed a general demurrer and an answer to the petition. The demurrer was sustained and the petition dismissed. The exception is to this judgment.  *Held:*

1. The suit in the municipal court was against the defendants "jointly and severally."
2. If one of the defendants was merely an accommodation indorser upon the note, and the indorsement was made without authority from the corporation or was an act ultra vires upon the part of the corporation, such matter should have been set up by way of defense to the action in the municipal court.
3. The judgment of the court was conclusive upon all such questions, whether or not they were pleaded. The petition in the equity suit does not attack the judgment or the execution or the levy on the ground that they were obtained by fraud, or that the court from which they issued was without jurisdiction.

4. The judge correctly sustained the general demurrer and dismissed the petition. The order prepared by the judge contains recitals indicating that he took the entire case under consideration, but the fact that he did so would not render the judgment erroneous where it appears that the demurrer was well founded.

> *Judgment affirmed. All the Justices concur.*

No. 8283. DECEMBER 16, 1931. REHEARING DENIED JANUARY 16, 1932.

*Henry D. Gaggstatter,* for plaintiffs.
*A. W. & John G. Cozart,* for defendants.