BOWMAN, executor, *et al. v.* BOWMAN.

HAWKINS, Justice. This is the fifth appearance in the appellate courts of different phases of litigation concerning the property here involved. *Bowman* v. *Bowman,* 205 *Ga.* 796 (55 S. E. 2d, 298); 206 *Ga.* 262 (56 S. E. 2d, 497); 79 *Ga. App.* 240 (53 S. E. 2d, 244); 207 *Ga.* 226 (60 S. E. 2d, 242). The plaintiff in error complains of the judgment of the trial court denying his motion to dismiss the plaintiff's petition, brought in three counts and seeking the cancellation of a deed and the appointment of a receiver, upon the ground that the issues and facts contained therein have been previously adjudicated; and complains of the judgment dismissing his plea of res judicata, wherein it is insisted that the ruling on demurrer in a previous suit instituted by the plaintiff bars the present proceeding. *Held:*

The motion to dismiss the plaintiff's petition and the plea of res judicata are both without merit. While the judgment of a court upon demurrer which decides the merits of the cause may be pleaded in bar of another suit for the same cause (Code, § 110-504; *Gamble* v. *Gamble,* 204 *Ga.* 82, 88, 48 S. E. 2d, 540), this principle has no application where, as here, the previous decision of this court on the demurrer did not pass upon the merits of the cause, but reversed the trial court for overruling a demurrer to the plaintiff's petition for the reasons: (1) that a temporary administratrix was not a proper party defendant in an action for

the recovery of land; (2) that litigation of a will had not been terminated at the time of the bringing of that suit so as to put any interest in the land in the plaintiff as an heir of her deceased husband; and (3) that litigation concerning a year's support had not been terminated at the time of the bringing of the action, so that it could be determined that the widow took an interest in the land under the year's support. *Bowman* v. *Bowman*, 206 *Ga.* 262, supra. Since the present petition makes the executor of the will of the plaintiff's deceased husband a party defendant instead of a temporary administratrix, and alleges that the litigation with respect to the will and the year's support referred to in the previous petition has terminated favorably to the plaintiff, the infirmities of the first petition, which we held rendered it subject to demurrer, are not present in the petition in the instant case (*Bowman* v. *Bowman*, 207 *Ga.* 226, supra), and the judgment previously rendered is not a bar to the present proceeding. Code, § 110-503; *Revels* v. *Kilgo*, 157 *Ga.* 39, 40 (121 S. E. 209); *Papworth* v. *City of Fitzgerald*, 111 *Ga.* 54 (36 S. E. 311).

*Judgment affirmed. All the Justices concur.*

No. 17827. Submitted April 15, 1952—Decided May 13, 1952— Rehearing denied June 11, 1952.

*Jas. L. & Will G. Moore*, for plaintiffs in error.

*Margaret Hills Fairleigh* and *Poole, Pearce & Hall*, contra.