18391. BOWMAN, Executor, *et al. v.* BOWMAN.

WYATT, Presiding Justice. This case has had a long and involved history in the appellate courts of this State. On June 10, 1948, Joanne W. Bowman filed her application in the Court of Ordinary of Fulton County for a year's support to be set apart to her out of the estate of her deceased husband, Frank K. Bowman. Fred E. Bowman, brother of the deceased, filed a caveat to the application for a year's support. The caveat was dismissed by the caveator. Sometime later, Fred E. Bow-

man moved that the caveat be reinstated, the ordinary granted the motion, and an order was entered denying the award of a year's support. Upon appeal to the superior court, the judgment of the ordinary permitting the caveat to be reinstated and denying the award of a year's support was reversed. That judgment was affirmed by the Court of Appeals in *Bowman* v. *Bowman,* 79 *Ga. App.* 240 (53 S. E. 2d 244). On June 8, 1948, Fred E. Bowman filed application in the court of ordinary to probate in solemn form the will of Frank K. Bowman dated November 1, 1946. The alleged will devised all of the property of Frank K. Bowman to Fred E. Bowman. Joanne W. Bowman filed a caveat to the will. The will was admitted to probate by the ordinary. The caveator entered an appeal to the superior court, and upon the completion of the trial a verdict was directed against the caveatrix. This judgment was reversed by this court. *Bowman* v. *Bowman,* 205 *Ga.* 796 (55 S. E. 2d 298). Mrs. Joanne W. Bowman then filed an equitable petition against Fred E. Bowman, seeking to cancel a certain quitclaim deed executed by Frank K. Bowman to Fred E. Bowman, conveying the interest of the said Frank K. Bowman in certain described property to Fred E. Bowman, and seeking the appointment of a receiver and an accounting. A temporary receiver was appointed and the defendant temporarily restrained from interfering with the possession of the receiver. That judgment was reversed by this court on the ground that the allegations of the petition were not sufficient to show that the plaintiff had the required interest in the property or was the proper party to bring this suit. *Bowman* v. *Bowman,* 206 *Ga.* 262 (56 S. E. 2d 497). Mrs. Joanne W. Bowman then filed a second equitable petition, seeking the cancellation of the quitclaim deed above referred to and the appointment of a receiver. The defendant demurred to the petition and the demurrer was overruled. This court affirmed that judgment, holding that, since the petition showed that there had been a final judgment on the probate of the will dated November 1, 1946, and that a judgment setting aside a year's support had been entered and duly recorded in the court of ordinary, the petition set out a cause of action for some of the relief sought. *Bowman* v. *Bowman,* 207 *Ga.* 226 (60 S. E. 2d 242). The defendant then filed a motion to dismiss the petition and a plea of res judicata, contending that the decision in *Bowman* v. *Bowman,* 206 *Ga.* 262, supra, was a bar to the second equitable petition. The superior court denied the motion to dismiss and the plea of res judicata. That judgment was affirmed by this court. *Bowman* v. *Bowman,* 209 *Ga.* 200 (71 S. E. 2d 84). The instant case in this court arises upon the trial of the second equitable petition filed by Mrs. Joanne W. Bowman. In the instant case, the jury returned a verdict in favor of the plaintiff and judgment was rendered in her favor. The defendant filed his motion for new trial on the general grounds and amended by adding fifteen special grounds. The motion for new trial as amended was denied. The exception here is to that judgment. *Held:*

1. It is contended, under the general grounds of the motion for new trial, that the evidence is insufficient for the reason that there is no evidence as to the final adjudication of the will of Frank K. Bowman dated February 27, 1946, and no evidence to the effect that Frank K. Bowman died intestate. As the instant case now comes to us, both these issues

are immaterial. The party seeking to cancel the deed is the person to whom the particular property has been set apart as a year's support. She is not now seeking to recover as a sole heir at law. It was, therefore, not necessary to prove either of these matters. The evidence as to the other issues in the case was sufficient to authorize the jury to find in favor of the plaintiff.

2. The charge of the court is not specified as a necessary part of the record, and is not so included. Therefore, special grounds 2, 3, 7, 9, 10, 11, 12, and 15, making various complaints relating to the charge of the court, can not be considered.

3. Special ground one complains because the court denied a motion for nonsuit. "An exception based upon the refusal of the court to award a non-suit will not be considered, where subsequently thereto the case is submitted to the jury, and after verdict being for the plaintiff a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it." *Foremost Dairy Products* v. *Sawyer*, 185 *Ga.* 702, 716 (196 S. E. 436). See also *Mills* v. *Williams*, 208 *Ga.* 425 (67 S. E. 2d 212), and *Crawley* v. *Selby*, 208 *Ga.* 530 (67 S. E. 2d 775).

4. The fourth special ground of the motion for new trial contends that the judgment of the court below overruling an objection to certain documentary evidence offered by the plaintiff was erroneous. The evidence objected to was an order by the court of ordinary setting aside a former order denying the award of a year's support, and substituting therefor an order allowing the award of a year's support. The objection made was that "the judgment of the court of ordinary denying the award for a year's support was appealed to the superior court and was still on appeal in said court." There is no merit in this contention. The order objected to was made by the ordinary after the appeal to the superior court had been entered, the judgment of the ordinary reversed by the superior court, and the judgment of the superior court affirmed by the Court of Appeals. The ordinary then did what he was bound to do in compliance with the judgment of the superior court and the Court of Appeals. We can not see how the order denying the award of a year's support is still on appeal to the superior court.

5. The fifth special ground contends that the court erred in not admitting certain documentary evidence offered by the defendant. The documentary evidence offered was the appeal from the court of ordinary to the superior court from the order denying the award of a year's support, it being contended that the appeal was still pending in the superior court. For reasons stated in division four of this opinion, there is no merit in this contention.

6. Ground six of the amended motion for new trial is too indefinite and incomplete to present any question for decision by this court.

7. The eighth ground of the motion for new trial complains because the following evidence was admitted over timely objection: "Q. Dr. Nichols, from your observation of Frank Bowman the first time you saw him on May 20, 1948, would you say he was capable of realizing what he was doing if he should sign a deed? A. No, I would feel that he was not capable." The contention is made that the above question and answer required the witness to make a legal conclusion

as to whether or not the deceased had the mental capacity to make a deed, which was a question for the jury. We do not agree with this contention. The question as asked merely required the witness to state his opinion as to a matter of fact, the effect of which was to aid the jury in determining whether or not the required mental capacity existed. To this extent, the evidence objected to in the instant case differs from that held to be improper in *Morgan* v. *Bell*, 189 *Ga.* 432 (5 S. E. 2d 897), cited and relied upon by the plaintiff in error, where the witness testified, "I don't think she had the mental capacity to make a will." A very different question would have been presented if the testimony in the instant case had been to the effect that the deceased either did or did not have the mental capacity to make a deed. It follows, there is no merit in this contention.

8. Special ground thirteen is too indefinite and incomplete to present any question for decision by this court.

9. Special ground fourteen contends that the judgment does not follow the verdict, in that there is included in the decree a money judgment and a finding of title in the plaintiff. There is no merit in this contention. The decree as originally entered did include a paragraph, numbered two, which provided that a sum of money in the hands of the receiver was the property of the plaintiff, and ordered it paid over to her. However, in passing the order denying a new trial, the judge made the denial of the new trial subject to the writing off by the plaintiff of this second paragraph, and the new trial was denied. This corrected any error that might have been included in the decree.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

SUBMITTED OCTOBER 14, 1953—DECIDED NOVEMBER 10, 1953—
REHEARING DENIED NOVEMBER 25, 1953—

*Jas. L. & Will G. Moore,* for plaintiffs in error.
*Margaret Hills Fairleigh, Poole, Pearce & Hall,* contra.