18479.   OTWELL *v.* FORSYTH COUNTY ATHLETIC &
RECREATION ASSOCIATION, INCORPORATED.

ARGUED FEBRUARY 8, 1954—DECIDED MARCH 8, 1954—
REHEARING DENIED MARCH 23, 1954.

484

Wheeler, Robinson & Thurmond, Hugh D. Sosebee, Wood & Tallant, for plaintiff in error.

Leon Boling, contra.

WYATT, Presiding Justice. 1. The first question presented by this bill of exceptions is whether or not the court erred in denying the oral motion to dismiss the petition. In considering an oral motion to dismiss, the question presented is whether or not the petition sets out a cause of action for any relief. *Minnesota Lumber Company* v. *Hobbs*, 122 *Ga.* 20 (49 S. E. 783).

It is contended in the instant case that the petition does not set out a cause of action because the petition does not allege an unconditional tender of the purchase price. There is no merit in this contention. The petition alleges that "the plaintiff did on April 2, 1953, tender personally to the defendant the sum of $1,000 in cash and lawful currency of the United States of America, and demanded execution of a fee-simple warranty deed to said premises, which tender the said defendant refused and

which demand for execution of a deed was also refused." It is urged that this is a tender on condition. We do not so construe it. The allegations as we construe them are to the effect that the plaintiff did two separate acts. One was a tender which was refused. The other was a demand for a deed which was also refused. The petition also alleges that the plaintiff was ready and willing to pay the purchase price and is now ready and willing to do so, and that a continuing tender is hereby made. All these allegations taken together sufficiently allege a tender as against an oral motion to dismiss.

It is next contended that the petition should have been dismissed for the reason it sought to recover a fee-simple estate without any condition attached, when, under the lease-option agreement as attached to the petition, the plaintiff would, under any circumstances, be entitled only to a fee subject to certain restrictions as to use and the functioning of the corporation. There is no merit in this contention. If a petition sets out a cause of action for any relief, it is not error to deny an oral motion to dismiss the petition. *Minnesota Lumber Co.* v. *Hobbs,* supra. Assuming that the defendant is correct in his position that the lease-option agreement conveys only a right to purchase a conditional fee, still, under the allegations of the petition, the plaintiff would be entitled to some relief, even though the petition seeks primarily to require the defendant to make plaintiff a deed in fee simple. It was, therefore, not error to deny the motion to dismiss the petition on this ground.

It is next contended that the motion to dismiss should have been sustained because the petition does not allege that the consideration was fair, adequate, and just. It is not necessary to consider the oral motion to dismiss as filed to the original petition, since, even if the allegations were not sufficient as to the adequacy of consideration, this defect was cured by the amendment, which alleged that the price was fair and adequate. The petition as amended was sufficient as against an oral motion to dismiss, and it was not error to deny the motion on this ground.

2. Several of the exceptions pendente lite complain of the action of the court in overruling various written requests addressed to the court and signed by three of the five directors of

the corporation. It was not error to overrule all these requests, for the reason they were not made by the corporation or in behalf of the corporation. The various requests were simply requests by three individuals who also happened to be directors of the plaintiff corporation, and were in no way official acts of the corporation or of the directors of the corporation. There is no merit in any of the exceptions to these rulings.

3. Under the general grounds of the motion for new trial, it is first contended that the evidence does not disclose an unconditional tender. While certain testimony of Mr. Housley, president of the plaintiff corporation, is certainly subject to the construction that the tender was made upon the condition that a deed be executed, he further testified: "As to whether or not we offered the money to Mr. Otwell before we asked him to sign a deed . . . Well, I laid the money on the table and told him we were going to pay him the thousand dollars for the option we had on the property for the Forsyth County Athletic Association. I told him there was a thousand dollars in the stack I was paying him. That thousand dollars was in cash, in United States treasury certificates, in money, in dollars. Mr. Otwell did not count that money. He refused to count it. He said that he would not accept it under any circumstances, and as long as he lived we would not have possession of the property; he did say that he didn't know what might happen after he died; those are the exact words he used. He said he didn't care for the money. He did not say that he disputed the fact that there was a thousand dollars there."

While it is contended that the petition does not allege that the necessity for tender was excused for any reason, the failure of the defendant to object to this testimony dispensed with the necessity of amending the petition by setting forth that tender was not necessary or required in this case, and the case stands as if the petition had been amended accordingly. *Irvin* v. *Locke*, 200 *Ga.* 675 (38 S. E. 2d 289); *Saliba* v. *Saliba*, 201 *Ga.* 577 (40 S. E. 2d 511); *Hasleri* v. *Watson*, 205 *Ga.* 668 (54 S. E. 2d 413). Therefore, the testimony above quoted amounts to evidence to the effect that the defendant would not accept the tender under any circumstances. This is sufficient to excuse tender, and therefore it makes no difference whether or not the tender actually

made was conditional or not, since no tender at all was required under the circumstances of this case. It follows, there is no merit in this contention.

It is also contended under the general grounds that the evidence does not support the verdict, because the evidence does not show that the consideration was adequate. There is testimony for the plaintiff to the effect that $1,000 was a fair price for the property when the agreement was entered into, and evidence for the defendant to the contrary. Under these circumstancs, this was a question for the jury, and we will not disturb their verdict. There is no merit in this ground.

It is next contended that the evidence showed that the plaintiff was not entitled under any circumstances to an unconditional fee-simple estate, but was, at most, entitled only to a fee subject to the condition that, if the property was not used for the purposes set out in the agreement for a period of twelve months or if the corporation failed to function for a period of twelve months or more, the property should revert to the grantor. This objection, or a similar one, has been raised by the defendant at every stage of the trial of this case and in every conceivable manner from the motion to dismiss the petition to the exception to the form of the decree. What we now say on this question will dispose of all questions relating to this matter, whether properly raised or not.

The lease-option agreement here sued upon is set out in the statement of facts. An examination of that agreement will reveal that the lease for ten years was granted upon the condition that it be used for certain purposes. It will also be noted that, in the paragraph giving the plaintiff the option to purchase the property, no condition whatsoever is attached to the option to purchase. Following this paragraph is a paragraph including the provision that, if the property is not used for the purposes · set out in the agreement for a period of twelve months or if the corporation fails to function for a period of twelve months or more, the property should revert to the grantor. We think it is clear that this last paragraph refers to and was intended to refer to only the provision granting the lease. This is true for the reason that the only provision containing any restrictions as to use or anything else is the provision relating to the lease,

and refers only to the period during the term of the lease. No condition is placed on the option to purchase, but the lessor simply bound himself to convey to the lessee a fee-simple estate in the property. Therefore, the evidence authorized a finding that the plaintiff was entitled to a decree for specific performance compelling the defendant to convey to the plaintiff a fee-simple estate in the property. There is no merit in the general grounds of the motion for new trial.

4. Special grounds 1, 2, and 3 make certain complaints regarding the charge of the court. The charge is not in the record and is not specified as a necessary part of the record. These grounds can not, therefore, be considered. *Bowman* v. *Bowman*, 210 *Ga.* 259 (78 S. E. 2d 801).

5. Special ground 4 complains because the court excluded, upon proper objection, certain testimony regarding a resolution of the board of directors of the plaintiff corporation, and a purported copy of the resolution. This evidence was properly excluded. The resolution itself was the highest and best evidence, and no reason appears why it was not offered in evidence, except that the defendant failed to serve the plaintiff with a subpoena duces tecum in time to require its production at the trial. This is simply an attempt to avoid the law regarding service of the subpoena duces tecum. There is no merit in this contention.

6. The only question presented by the exception to the form of the decree, if any question at all is presented, is controlled by the rulings on the general grounds of the motion for new trial, and these rulings will not be repeated here.

*Judgment affirmed. All the Justices concur.*