37740. WHITFIELD *v.* WASHBURN STORAGE COMPANY.

TOWNSEND, Judge. 1. Washburn Storage Company, a corporation, sued Mary W. Whitfield as administratrix of the estate of Rosa Lee Johnson, alleging that the plaintiff did, on April 13, 1957, advance and loan to Rosa Lee Johnson the sum of $526.10 for burial expenses of the intestate's husband Walter Johnson, who had died just previously; that the defendant has demanded the payment of this sum, which has been refused, and that the defendant now has in her hands the sum of $1,000 representing proceeds of a life insurance policy carried by the plaintiff on the life of Walter Johnson. The evidence, construed in its light most favorable to support the verdict, authorized a finding that Walter Johnson was an employee of the plaintiff; that Rosa Lee requested and procured from Harold McEachern as president of Washburn Storage Company payment to the funeral home, gravediggers, a cemetery, and $40 to Rosa Lee for clothes and house rent, totaling $526.10. McEachern testified that he was president of the plaintiff corporation and that it agreed to make her a loan. A witness who was a friend of the Johnson family testified that Rosa told him that, "Mr. Harold had lent her all the money for the funeral expenses, and she owed money, the house rent where she paid one where they were going to put her out the next day, and money to buy her clothes to go to the funeral with." It is contended that there had

been made at a hearing before the Board of Workmen's Compensation concerning death benefits payable to the widow of Walter Johnson certain contradictory statements showing that the advancement was in fact a gratuity. The exhibits containing these statements do not appear in the record before us; however, at most they would present a conflict of evidence which would be for jury determination. Code § 70-202, catchword, "Conflicts." The general grounds of the motion for new trial and special ground 9 which is an elaboration thereof are without merit.

2. Code § 38-1603(3) as amended by the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 319, 320) provides, as to suits instituted or defended by a corporation: "Nor shall such officer or agent [of the corporation] be admitted to testify against an opposite party who is the personal representative of a deceased person as to transactions or communications with such deceased person." Special grounds 4, 5 and 6 of the amended motion for new trial complain of the court's ruling allowing testimony of the president of the plaintiff corporation as follows: "There was a total advancement of $526.10 made up of $437.10 advanced to the funeral home; $40 advanced to Rosa Lee Johnson for her to buy some necessary clothes and make some payment on the house rent. $40 to a cemetery where he was buried. And $9 for gravediggers who had dug one grave that wasn't suitable for burial, making a total of $526.10." The objections urged were as follows: "I want to move at this time for a mistrial or strike all this testimony and instruct the jury to disregard it," and again, "He testified the $40 was for Rosa. $9 were for gravediggers. If he can testify to anything, which I submit he can't, all he can testify is figures in the abstract. This violates the dead man's rule, and is clearly inadmissible and incompetent."

An assignment of error on the overruling of an objection to evidence, a part of which is admissible, is not well taken, although some of the evidence may be inadmissible. *Johnson v. State,* 146 *Ga.* 190 (2) (91 S. E. 42). Testimony that the plaintiff advanced a specified sum of money to the funeral home, the cemetery, the gravediggers, etc., was not testimony of a transaction had solely with the deceased, and was not subject to the objection urged. See *Waters v. Wells,* 155 *Ga.* 439, 444(2) (117 S. E. 322). The testimony relative to advancing $40 to Rosa Lee for her to use in paying

710

rent and purchasing clothes would, on proper objection, have been inadmissible for this reason, but since a part of the evidence was admissible and a fair construction of the objection urged and of the assignment of error, which sets out a fairly lengthy portion of the record, can only be taken as an objection to the whole line of testimony, there is no merit in the first three grounds of the motion for new trial.

3. An exception based on the refusal to award a nonsuit will not be considered, where, after verdict, a motion for new trial is made on the ground that the verdict is without evidence to support it. *Bowman* v. *Bowman*, 210 *Ga.* 259(3) (78 S. E. 2d 801).

4. Error is assigned in special ground 10 on an excerpt from the charge to the effect that if the jury should find from the evidence that Washburn Storage Company did advance the sums sued on as a loan and found that Mary W. Whitfield as administratrix of Rosa Lee Johnson received them, they should find in favor of the plaintiff, but if they found no advancement was made or received by such administratrix they should find for the defendant. The charge, although error, was harmless to the defendant. It was unnecessary for the plaintiff to prove that the loan to Rosa Lee Johnson was received by her administratrix in order to recover, but the charge in no way prejudiced the defendant's case. Special ground 10 is without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 16, 1959.

*Smith, Swift, Currie & McGhee, Charles L. Weltner,* for plaintiff in error.

*James L. Flemister,* contra.

