### 40855. WILLIAMS v. METROPOLITAN HOME IMPROVEMENT COMPANY.

FRANKUM, Judge. 1. Where a demurrer to a petition is based on several grounds and the court sustains one of the grounds and thereupon dismisses the petition, that judgment will be affirmed whether the ground upon which the trial court predicated the judgment is well taken or not, if any other ground of the demurrer is good and would authorize the court, upon consideration thereof, to dismiss the petition. *Crittenden v. Southern Home Bldg. &c. Assn.*, 111 Ga. 266 (5), 272 (36 SE 643); *Anthony v. Dudley &c. Lumber Co.*, 21 Ga. App. 412 (2) (94 SE 634); *White v. Simplex Radio Co.*, 61 Ga. App. 157, 158 (3) (5 SE2d 922); *Sims T.V., Inc. v. Firemen's Fund &c. Co.*, 108 Ga. App. 41, 43 (131 SE2d 790).

2. While ordinarily former recovery or the pendency of another suit is a matter which may be raised only by a special plea, where it appears on the face of the petition that there has been a former adjudication, this will constitute sufficient grounds for the sustaining of a demurrer and the dismissing of a petition. *Killen v. Compton,* 57 Ga. 63; *Reid v. Caldwell,* 120 Ga. 718 (4) (48 SE 191); *Minnesota Lumber Co. v. Hobbs,* 122 Ga. 20 (2) (49 SE 783); *Ellis v. First Nat. Bank of Atlanta,* 182 Ga. 641 (2) (186 SE 813). Such a former judgment will be conclusive not only with respect to the matters actually litigated therein between the parties, but as to all matters which were put in issue or which might have been put in issue between the parties. *Code* § 110-501. The judgment of a court of competent jurisdiction is conclusive upon all questions raised or which might have been raised by way of defense to the action whether or not such questions were in fact pleaded. *Ewart v. Philips & Sons,* 174 Ga. 70 (2, 3) (162 SE 271).

3. "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. In all cases where recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall recover of the plaintiff the amount of such excess." *Code* § 20-1314. In an action on a note given for the purchase price of property or in payment or part payment of the contract price agreed to be paid for the performance of work and labor, it is competent for the defendant to set off any claim he may have against the plaintiff arising out of the performance of the work embodied in the contract, including damages arising by reason of the failure of the plaintiff to perform the contract in accordance with its terms. *Finney v. Cadwallader,* 55 Ga. 75; *Valdosta Drug Co. v. Mashburn Drug Co.,* 183 Ga. 471 (188 SE 694).

4. Whether or not the court was correct in dismissing the petition on the ground of demurrer which was sustained, when the petition is considered on the general demurrer which was filed thereto, which we are authorized to do under the principles of law set forth in the first headnote, and when so considered, the petition is construed most strongly against the plaintiff, as we are bound to do on general demurrer, it shows that there was former litigation between the parties here in-

volving a suit "maintained" by the defendant here against the plaintiff on a note given by the plaintiff as a part of the purchase price to be paid for the work to be done on the contract here sued on. The allegation that the defendant maintained the suit on the note, when construed most strongly against the plaintiff, means that such former suit was prosecuted with effect and to a conclusion, and to a final judgment. Black's Law Dictionary, 4th Ed., p. 1105. It is not alleged that the cause of action on which the plaintiff here seeks a recovery was not available to the plaintiff at the time the former action was instituted and maintained against him. If it be conceded, as held by the trial court, that the petition in this case, as amended, sounded in tort, it may be further conceded that such a cause of action could not have been pleaded in defense of the former action ex contractu on the note, in the absence of equitable principles such as insolvency or the nonresidency of the plaintiff therein. But the original petition in this case was an action ex contractu which could have been, and should have been, under the principles of law enunciated in the preceding headnotes, pleaded in recoupment against the former action on the note, and, therefore, whether the trial court was correct in dismissing the petition on the ground stated or should merely have stricken the amendment, it is clear that had the court entered a judgment doing just that, a dismissal would have then been required, since the original petition, prior to amendment, showed substantially the same facts respecting the maintenance by the defendant of the former action against the plaintiff. *Walton v. Petty,* 107 Ga. App. 753, 757 (131 SE2d 655).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED DECEMBER 3, 1964.

*J. L. Jordan,* for plaintiff in error.
*Claude Hambrick,* contra.