## 44388. GORNTO v. CITY OF BRUNSWICK.

FELTON, Chief Judge. 1. The Supreme Court, in transferring this case to this court, held that "[t]he constitutional questions made in the petition for writ of certiorari were not ruled upon by the trial court, and *the sole question for review on this appeal is the dismissal of the petition for certiorari because of failure of service."* (Emphasis supplied.) *Gornto v. City of Brunswick,* 225 Ga. 128 (166 SE2d 349).

2. A statute providing for service should be construed to require personal service, as at common law, unless the contrary intent plainly appears or unless some other mode has been established by long and recognized practice to the contrary. *Robinson v. Bryson & Sons,* 45 Ga. App. 440, 443 (165 SE 158), and cit. Although *Code* § 19-210 (Ga. L. 1855-56, p. 234; as last amended by Ga. L. 1961, pp. 190, 191) provides for service of certiorari proceedings "in person or by mail" on the opposite party or his counsel or other legal representative, it requires service on the respondent "by the sheriff or his deputy, or by the petitioner or his attorney," which is construed to mean personal service. No other mode of service in such cases has been established "by long and recognized practice." Where the law provides for personal service and there is no personal service, there is no service at all (*Hobby v. Bunch,* 83 Ga. 1 (5) (10 SE 113, 20 ASR 301)), and "[w]here there is no service at all there is no suit." *Toole v. Davenport & Smith,* 63 Ga. 160 (2). Accordingly, where the plaintiff in certiorari to the superior court served the respondent Recorder of the City of Brunswick with the petition for certiorari by mail, rather than personally as required by *Code Ann.* § 19-210, and there was no waiver or acknowledgment of service, the court was without jurisdiction and did not err in its judgment dismissing the certiorari proceedings.

3. Even if the service on the recorder was valid, however, the judgment was correct for the additional reason that there was

no certification of the record of the trial from the recorder's court to the superior court. *Hendricks v. State,* 70 Ga. App. 805 (29 SE2d 447); *Turner v. State,* 85 Ga. App. 609 (70 SE2d 45), and cit. Although this defense was not raised in appellee's motion to dismiss, it might have been raised. "The judgment of a court of competent jurisdiction is conclusive upon all questions raised or which might have been raised by way of defense to the action whether or not such questions were in fact pleaded." *Williams v. Metropolitan Home Improvement Co.,* 110 Ga. App. 770 (2) (140 SE2d 56), and cit.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED APRIL 7, 1969—DECIDED MAY 13, 1969.

*Haas, Holland, Freeman, Levison & Gibert, Hugh W. Gibert, Edward L. Greenblatt, Jack S. Hutto,* for appellant.
*William R. Killian,* for appellee.