19966

Dick F. ELLIOTT, Respondent, v. Ada P. DEW, Appellant
(212 S. E. (2d) 421)

*Messrs. Burroughs, Green & Sasser,* of Conway, for *Appellant,*

*Messrs. Jenrette & Wheless,* of North Myrtle Beach, *for Respondent,*

February 25, 1975.

Moss, Chief Justice:

Dick F. Elliott, the respondent herein, brought this action against Ada P. Dew, the appellant herein, to enforce

the specific performance of an alleged contract made by the appellant with the respondent whereby she agreed to sell to him a fifty per cent interest in lots one and two of Block 15-A of the Cherry Grove Beach section in the town of North Myrtle Beach, as shown on a map recorded in Plat Book 44, Page 54, Office of the Clerk of Court for Horry County.

The respondent alleges that on July 17, 1968, the appellant entered into an agreement with him whereby he obtained a right to purchase fifty per cent interest in the above described property. The consideration for the agreement was $50.00, and the agreement was for a term of four years, expiring on August 14, 1972.

It was further alleged that the appellant previously brought an action against the respondent in an attempt to void the agreement, but such was found to be valid by the Court of Common Pleas for Horry County, in December of 1971.

It is also alleged that the respondent, on June 28, 1972, tendered to the appellant the sum of $12,085.50, and demanded a conveyance of a fifty per cent interest in the property, but the appellant refused to accept the tender and convey the property in accordance with the agreement. It was further alleged that the respondent has performed all the conditions of the agreement and is ready, willing and able to perform. The prayer of the complaint is that the appellant be required to specifically perform, upon the respondent paying to her the amount necessary to consummate the agreement.

The appellant answered the complaint by denying the material allegations thereof.

This case was referred to the Honorable John T. Holt, as a Special Referee, to take the testimony and to report the same to the court, together with his findings of fact and conclusions of law. The Special Referee, in obedience to said order, took the testimony and made his report in which he

found that the respondent made a good faith attempt to exercise his option within the time limits thereof. He tendered to the appellant what he computed to be the necessary amount of money to exercise his option, based upon his recollection of the terms of the appellant's mortgage. He further found that the respondent, when he made the tender to the appellant, had with him additional cash money to tender to her in the event his computation was inaccurate. He also concluded from the appellant's own testimony that she refused to accept the tender made by the respondent and refused to sign a deed conveying a one-half interest in the property. He further found from the appellant's testimony that she would not have signed a deed upon a tender of an amount more than was necessary to exercise the option. He further found that the appellant refused to advise the respondent of the amount necessary to make an accurate tender, but at all times the respondent has been ready, willing and able to perform his part of the agreement.

The Special Referee recommended that the respondent pay to the appellant the amount due under the terms of the agreement and that she be required to specifically perform by conveying to him an undivided one-half interest in the property in question.

The appellant filed a number of exceptions to the Report of the Special Referee. These exceptions were heard by the Honorable J. A. Spruill, Jr., presiding judge, and were overruled by him. However, he remanded the case to the Special Referee to determine the amount necessary for the respondent to pay in order to consummate the agreement. This appeal followed.

The first question presented for determination is whether the tender made by the respondent to the appellant on June 28, 1972, was a sufficient tender.

At the reference the respondent offered in evidence his computation which showed that $12,085.50 was the amount necessary to make a good tender. The appellant offered her

computation which showed that the amount of $15,293.35, was necessary to make a good tender.

It was provided in the "Right to Purchase" agreement that the respondent would purchase a fifty per cent interest in the identified property by paying to the appellant one half of the actual original cost including interest paid on the mortgage debt, which was a lien upon the property. The amount that the appellant had so paid was peculiarly within her knowledge and was not actually known by the respond ent. The amount due as computed by the appellant was made known to the respondent only on the date of the hearing before the Special Referee. It is significant that the appellant did not refuse the tender of the respondent because of the insufficiency in the amount at the time it was made, but asserted that she was not going to take any money from the respondent nor was she going to sign any deed to him. This took place in the office of the appellant, and after she had made the foregoing statements, she ordered the respondent to leave her premises.

The trial judge concluded that since the proof establishes that the appellant would have refused any tender, no matter what the amount, no tender was necessary, and it was immaterial that the tender actually made might have been insufficient in amount.

The case of *Speed v. Speed,* 213 S. C. 401, 49 S. E. (2d) 588, was one to compel specific performance of an alleged contract for the sale of an undivided interest in realty. The lower court ruled in favor of the plaintiff and the defendant appealed contending that the respondent was barred of his rights to specific performance by reason of his failure to make tender. In disposing of this question the court said:

"In general, the rules of equity concerning the necessity of an actual tender are not so stringent as those of the law. Frequently a tender would be wholly nugatory. Thus, if the defendant has openly refused to perform, the plaintiff need not make a tender or demand. It is enough that he is ready

and willing and offers to perform in his pleading. See Footnote, Pom. Eq. Jur., Vol. 4, Sec. 1407, Page 2776. To the same effect is *Shannon v. Freeman,* 117 S. C. 480, 109 S. E. 406."

As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender. *Hinchy v. Foster,* 14 S. C. L. (3 M'Cord) 428; *Baker v. Gasque,* 34 S. C. L. (3 Strobh.) 25; *McClendon v. Wells,* 20 S. C. 514. However, where the amount due is within the exclusive knowledge of the creditor and the creditor on demand neglects or refuses to indicate the correct amount that is due, the debtor may tender so much as he thinks is justly due, and if less than the true amount, the tender nevertheless will be good. *Krauss v. Potts,* 53 Okl. 379, 156 P. 1162, 5 A. L. R. 1213; 86 C. J. S. Tender § 7, page 562.

Equity will not require the doing of a futile task, nor foreclose the rights of a party from obtaining specific performance for failure to do something which in view of all the facts would have been useless. *Humble Oil & Refining Co. v. DeLoache,* D.C., 297 F. Supp. 647.

If no objections are made by the defendant to the sufficiency of the tender by the purchaser at the time it is made, or if the defendant then repudiates the contract, he cannot set up defects in the tender as a defense to the suit. 81 C. J. S. Specific Performance § 102, page 623.

Where purchasers under land contract made an erroneous calculation in balance due under contract and in amount tendered, and purchasers attempted to procure from vendor a statement of amount due, but vendor failed to furnish such a statement, and purchasers were ready, able, and willing to pay vendor balance due under contract, court, in action by purchasers for specific performance of the contract, did not err in holding that purchasers made proper tender. *Gulick v. Copeland,* 186 Or. 640, 207 P. (2d) 1042.

The appellant testified that the only reason that she did not want to sign a deed to the respondent was because he

was "some few hundred dollars off on the tender". The appellant does not dispute that the respondent was ready, willing and able to perform the agreement on his part. The court has found that the respondent was ready, willing and able to pay the necessary amount due the appellant, whatever that sum may be.

We think the lower court was correct in holding, under the facts of this case, that the appellant would have refused any tender, no matter what amount was tendered, and that it is immaterial that the tender actually made might have been insufficient in amount.

The appellant charges the lower court with error in granting specific performance when the evidence showed that the respondent failed to keep his tender good by paying the amount of his tender into court.

Specific performance is an action of equity jurisdiction. *Aiken Mortgage Co. v. Jones,* 197 S. C. 245, 15 S. E. (2d) 119. In equity the weight of authority is that it is unnecessary for the purchaser to pay the money into court at the time he commences his suit. It is sufficient for him to plead a tender of the purchase money and to offer by his bill to bring in his money whenever the same is liquidated and he has a decree for performance. 74 Am. Jur. (2d) Tender, Section 34, Page 569.

The Special Referee, with Reference to keeping the tender good by paying the amount thereof into court, held that it was not necessary since the question relates more to the date that the interest on the debt or amount tendered ceases to accrue, than it does to the question of barring specific performance. The lower court held that it was not necessary for the respondent to pay the tendered money into court in view of the admissions in the record evidencing the fact that he was ready, able and willing to perform his part of the contract. It was sufficient for the respondent to plead a tender of the purchase money and to offer by his complaint to pay whatever amount of money

was necessary to consummate the transaction and to pay that sum when determined by the court.

In this case, the appellant will be fully protected by requiring the payment by the respondent of the amount determined by the court before she is called upon to part with her deed to the premises in question. In the event the respondent does not pay the amount so determined, within a fixed time, his suit for specific performance should be dismissed.

It follows that there was no error on the part of the lower court in holding that the action should not be dismissed because of the failure of the respondent to keep his tender good by paying the amount thereof into court.

The appellant alleges error on the part of the lower court in finding that the respondent was, entitled to specific performance on a theory different from that alleged in the complaint. She asserts that there is no allegation in the complaint that tender was not necessary because it would have been useless, this being a different theory than that alleged in the complaint. The appellant raised this question for the first time in her exceptions to the Report of the Special Referee and did not present it to the Referee for a ruling. This question was not properly presented to or passed upon by the Special Referee. It is, therefore, not properly before us for decision. *Cleveland v. Cleveland,* 243 S. C. 586, 135 S. E. (2d) 84.

While it is contended that the complaint does not allege that the necessity for tender was excused for any reason, the failure of the appellant to object to this testimony upon this ground, dispensed with the necessity of amending the complaint by setting forth that tender was not necessary or required, and the case stands as if the complaint had been amended accordingly. *Otwell v. Forsyth County Athletic & Recreation Ass'n, Inc.,* 210 Ga. 482, 80 S. E. (2d) 790. See also: *Johnson v. Williams,* 238 S. C. 623, 121 S. E. (2d) 223.

The exception posing this question is overruled.

Consideration of the two additional questions raised by the appellant is unnecessary in view of what we have heretofore said.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.